IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL SMITH,                                  )<br>                                              )<br>      Plaintiff,                      )<br>                                              )<br>  v.                                        ) Civ. No. 06-432-GMS<br>                                              )<br>COMMISSIONER STANLEY        )<br>TAYLOR, WARDEN RICK             )<br>KEARNEY, and DEPUTY             )<br>WARDEN MIKE DELOY,              )<br>                                              )<br>      Defendants.                 ) | |

**MEMORANDUM**

Plaintiff Paul Smith ("Smith"), a former inmate within the Delaware Department of Correction, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 8.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    THE COMPLAINT**

Smith brings the action against Commissioner Stanley Taylor ("Commissioner Taylor"), Warden Rick Kearney ("Warden Kearney"), and Deputy Warden Mike Deloy ("Deputy Warden Deloy"). (D.I. 2.) He alleges that while he incarcerated at the Sussex Correctional Institute ("SCI"), on June 25, 2006, he slipped and fell on a wet cell floor. Smith alleges that the floor was wet because rain water was leaking into the cell. Smith alleges he sustained injures and received medical treatment.

**II.    STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

Smith alleges that poor housing conditions caused his injury. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in

that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Smith's allegations do not rise to the level of a serious deprivation. At the most, he states a claim for ordinary negligence. Unfortunately for Smith, it is well established that mere negligence by a state official is insufficient to state a claim under § 1983. *Daniels v. Williams*, 474 U.S. 327, 329 (1986). Indeed, numerous courts are in agreement that slippery floors do not violate the Eighth Amendment. *See Flandro v. Salt Lake County Jail*, 53 Fed. Appx. 499 (10th Cir. 2002); *LeMaire v. Maas*, 12 F.3d 1444, 1457 (9th Cir. 1993); *Denz v. Clearfield County*, 712 F.Supp. 65, 66 (W.D. Pa. 1989); *Turnstall v. Rowe,* 478 F.Supp. 87, 89 (N.D. Ill. 1979); *Snyder v. Blankenship*, 473 F.Supp. 1208, 1212-13 (D.C. Va. 1979). Smith's avenue of relief lies in the state courts. Based upon the foregoing, the court will dismiss the claim as it lacks an arguable legal basis, and therefore, is frivolous.

IV.   **CONCLUSION**

For the above stated reasons the court finds that the complaint is legally frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

December 5, 2006
Wilmington, Delaware

3



FILED

DEC - 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL SMITH, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-432-GMS ) |
| COMMISSIONER STANLEY TAYLOR, WARDEN RICK KEARNEY, and DEPUTY WARDEN MIKE DELOY, | ) ) ) ) ) |
|       Defendants. | ) |

**ORDER**

At Wilmington this 5TH day of December, 2006, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE



FILED
DEC - 7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE